**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Sisto MOLINA, Defendant—Appellant.**

No. 01–30325.
D.C. No. CR–95–00555–C.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 5, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Sisto Molina, a federal prisoner, appeals his 228–month sentence following his guilty plea conviction of conspiracy to commit kidnaping in violation of 18 U.S.C. § 371; kidnaping in violation of 18 U.S.C. § 1201 and § 2; and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). Molina contends that the district court erred by refusing to apply a three-point adjustment for acceptance of responsibility. Reviewing for clear error, *United States v. Connelly*, 156 F.3d 978, 982 (9th Cir.1998), we affirm.

Although pleading guilty and truthfully admitting offense conduct constitute significant evidence of acceptance of responsibility, this evidence may be outweighed by conduct inconsistent with such acceptance. U.S.S.G. § 3E1.1, cmt. n. 3 (2000). "One example of inconsistent conduct that weighs against a finding of acceptance of responsibility is a defendant's attempt to minimize his own involvement in the offense." *United States v. Scrivener*, 189 F.3d 944, 948 (9th Cir.1999).

Contradicting compelling evidence, Molina minimized his involvement in the of-

fense in his statements to probation officers and in his statement to the court. The district court did not clearly err in declining to apply the adjustment. *Id.*

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

